WYOMING DEPARTMENT OF EMPLOYMENT, DIVISION of UNEMPLOYMENT INSURANCE; and Scott R. Wenzel, Appellants (Respondents/Claimant),

v.

RISSLER & McMURRY COMPANY, Appellee (Petitioner/Employer).

No. 92-57.

Supreme Court of Wyoming.

Sept. 16, 1992.

William G. Hibbler, Sr. Asst. Atty. Gen., Casper, for appellant Wyoming Dept. of Employment, Div. of Unemployment Ins.

Donald J. Rissler of Brown, Raymond & Rissler, P.C., Casper, for appellee.

MACY, Chief Justice.

Appellant Wyoming Department of Employment, Division of Unemployment Insurance (the Division) contends that the district court erred in reversing the decision by the Unemployment Insurance Commission (the Commission) which determined that a discharged employee, Appellant Scott R. Wenzel, was eligible to receive unemployment insurance benefits and that he was not discharged for "misconduct" connected with his employment.

We reverse and remand.

The Division presents this issue:

Whether the Appellant, Wyoming Department of Employment, Division of Unemployment Insurance, properly held that Scott R. Wenzel is eligible for unemployment insurance benefits because it

found that he was not discharged for misconduct connected with his work?

Appellee Rissler & McMurry Company rephrases the issues as follows:

## ISSUE I

Whether the decision of the Employment Security Commission of Wyoming reversing the decision of the hearing examiner and reinstating the benefits of Appellant Wenzel was supported by substantial evidence and whether that decision was arbitrary and capricious.

## ISSUE II

Whether the actions of the Commission are in excess of their statutory jurisdiction, authority or limitations.

The facts of this case are hard to sort out and very much in dispute. Wenzel was employed by Rissler & McMurry for various periods of time in 1990 and 1991. He left his job at Rissler & McMurry without notice in October 1990. Wenzel claims that he left the job because he could not afford to keep a motel room near the work site while maintaining his home in Casper. He was rehired in January 1991 to work on a construction project in Casper. Rissler & McMurry instituted a drug-alcohol testing policy between the time when Wenzel left his job in 1990 and the time when he was rehired in 1991. As a condition for his reemployment, Wenzel was tested on January 21, 1991, and the test results were negative in all respects. About two weeks after Wenzel was rehired, he was injured in a Casper bar when a television set fell on him. Because of those injuries, he missed work from January 31, 1991, until February 12, 1991. Wenzel continued to work for Rissler & McMurry until April 15, 1991.

On that day, Wenzel called Rissler & McMurry's main office to complain about his pay check. He thought he had been paid the wrong wages. Rissler & McMurry supervisory personnel considered Wenzel's behavior as being "extremely irrational" and "erratic." A Rissler & McMurry supervisor called Wenzel later that day and told him to go to the Wyoming Medical Center to be tested under the drug/alcohol testing policy or he would be fired. Rissler & McMurry claimed that Wenzel refused to take the test, and, indeed, no test was ever performed. Wenzel asserted that he did not refuse to take the test but that he said he wanted to talk with a lawyer first. Wenzel was fired for refusing to take the test.

Wenzel applied to the Division for unemployment benefits. The Division determined that Wenzel was eligible to receive those benefits. Rissler & McMurry appealed that decision through the Division's internal appeal procedures. An appeals examiner conducted a hearing and determined that Wenzel was not eligible for benefits because his refusal to take the test was misconduct. Wenzel sought a review from the Commission, which determined that Wenzel had not committed misconduct and reinstated the initial determination. Rissler & McMurry sought a district court review in accordance with W.R.A.P. 12, and the district court, finding that Wenzel committed misconduct, reversed the Commission's decision.

The standard of review to be applied in this matter was well explained in detail in *Employment Security Commission of Wyoming v. Western Gas Processors, Ltd.*, 786 P.2d 866, 870–71 (Wyo.1990) (some citations and footnotes omitted):

The standard of review of an agency determination is well-established. Unemployment benefit cases involving contended misconduct normally present mixed questions of law and fact. A reviewing court is "confined to the matters explicitly referenced in W.S. 16–3–114(c) and W.R.A.P. 12.09." *Cook v. Zoning Bd. of Adjustment for the City of Laramie*, 776 P.2d 181, 184 (Wyo.1989).

"On appeal from a district court's consideration of an agency action, this court is not bound by the conclusions of the reviewing court. Rather, using the same evidentiary materials and the same review standards as the district court, we conduct an independent inquiry into the matter, just as if it had proceeded directly to us from the agency."

*Southwest Wyoming Rehabilitation Center v. Emp. Sec. Com'n. of Wyoming*, 781 P.2d 918, 920 (Wyo.1989). Our deference for findings of fact is reserved for the fact-finder which, in this case, is ESC.

When reviewing a claim that an agency determination is arbitrary, capricious, and an abuse of discretion because the findings of fact[ ] are not supported by substantial evidence, we determine if there is "such relevant evidence as reasonable minds would accept as adequate to support a conclusion." *Southwest Wyoming Rehabilitation Center*, 781 P.2d at 921. Our review of an agency's findings of fact and conclusions of law is simple. First, if we can find from the evidence preserved in the record a rational view for the findings of fact made by the agency, we then say the findings are supported by substantial evidence. Using judicial reliance upon and deference to agency expertise in its weighing of the evidence, a reviewing court will not disturb the agency determination unless it is "clearly contrary to the overwhelming weight of the evidence on record." *Southwest Wyoming Rehabilitation Center*, 781 P.2d at 921. Second, we ask if the conclusions of law made by the agency are in accordance with law.

When we review agency conclusions of law, we are alert to three possibilities. The agency may correctly apply [its] findings of fact to the correct rule of law. In such case, the agency's conclusions are affirmed. But the agency could apply [its] findings of fact to the wrong rule of law or [it] could incorrectly apply [its] findings of fact to a correct rule of law. In either case, we correct an agency conclusion to ensure accordance with law. Our standard of review for any conclusion of law is straightforward. If the conclusion of law is in accordance with law, it is affirmed; if it is not, it is to be corrected.

Wyo.Stat. § 27–3–311(c) (1991) provides:

(c) An individual shall be disqualified from benefit entitlement and shall forfeit all accrued benefits if he was discharged from his most recent work for misconduct connected with his work, fraud in connection with a claim for benefits or receipt of disqualifying income.

Our inquiry in this instance, under the applicable standard of review, is whether the Commission could determine that Wenzel's refusal to take a drug/alcohol test did not constitute "misconduct" as contemplated by § 27–3–311(c). *Western Gas Processors, Ltd.*, 786 P.2d at 871.

Rissler & McMurry had a policy in place which provided for testing upon "reasonable cause":

When appropriate, Rissler & McMurry Co. may test any employee when there is reasonable cause to suspect that employee is impaired or under the influence of alcohol, drugs or controlled substances while on duty at the work place. When an employee displays behavior which is observable by a supervisor (ideally, two members of the management team) the employee will be escorted to a collection site for a possible medical evaluation and urine drug or alcohol screen. The employee then will be escorted home or provided with transportation home and will be suspended from work, without pay, until results are known. If the test results are negative, the discipline, if any, will be weigh[ ]ed against the circumstances and the employee[']s actions. If the test results are positive, the employee will be discharged, effective the date of the suspension.

Employees who have been requested to undergo a urine drug screen and/or an alcohol test under reasonable cause circumstances are expected to promptly comply with the request and to exercise honesty, good faith and cooperation in the performance of the required procedures. Failure to do so may subject the employee to discipline, up to and including discharge, not withstanding any discipline which may otherwise be imposed on the basis of the test results.

As we discussed in *Western Gas Processors, Ltd.*, a first level of inquiry in such a case is whether the rule was reasonable. 786 P.2d at 872–73; 76 AmJur.2d *Unemployment Compensation* § 81 (2d

ed. 1991). *See also* DAVID G. EVANS, DRUG TESTING LAW, TECHNOLOGY AND PRACTICE, *esp.* §§ 1:05, 2:07, 2:20 & 4:37 (1990). When an employer contends that violation of its rule constitutes misconduct, the employer bears the burden of establishing the existence of the rule and its violation. If the employer establishes these elements, the burden shifts to the employee to demonstrate either that the violation was justified or that the rule was unreasonable. 76 AM.JUR.2D *Unemployment Compensation, supra.* In this instance, there is no question that the policy existed and that the employee was aware of its existence. We do not need to decide whether the drug/alcohol testing policy was reasonable because Rissler & McMurry did not follow the policy. Among those reasonable expectations which we accord to employees is the following: Refusal to take a drug/alcohol test which was not brought about in accordance with the employer's established policy is not "misconduct" which will disqualify that employee from receiving unemployment compensation benefits. *See Western Gas Processors, Ltd.,* 786 P.2d 866. We note in passing that Rissler & McMurry's policy appeared to place the employee "between a rock and a hard place." The employee would be fired for refusing to take the test, the employee would be fired if the test result were positive, the employee could be fired if the behavior which constituted the "reasonable cause" were bad enough to constitute cause for firing even though the drug test result was negative, and, if the employee were "uncooperative" in the testing process, he could be fired even though the test result was negative.

■ Rissler & McMurry's policy provided that, at the time the "suspicious" behavior was observed, the employee would be escorted to a testing center so that a test could be performed. In this instance, a Rissler & McMurry supervisor telephoned Wenzel and told him to report immediately to the Wyoming Medical Center to take a test. The supervisor did not follow the procedure designated in the Rissler & McMurry policy.

We hold, under our standard of review, that the Commission's findings were consistent with the law and supported by substantial evidence.

■ As noted earlier in our opinion, the facts were very much contested. Rissler & McMurry presented evidence demonstrating that Wenzel was frequently tardy and missed inordinate amounts of work. Wenzel maintained that he was never tardy and that he never missed work unless he was medically excused. Rissler & McMurry had no "records" which were contrary to Wenzel's claim. After Wenzel was fired, Rissler & McMurry obtained letters from various supervisory personnel which stated that Wenzel was frequently tardy, but no contemporaneous records existed, and nobody could testify about any particular date or dates. *See* 76 AM.JUR.2D *Unemployment Compensation, supra* at § 93.

Unemployment compensation is not a gratuity which may be withheld frivolously. It is a part of an employee's compensation or wages. *Unemployment Compensation Commission of Wyoming v. Renner,* 59 Wyo. 437, 143 P.2d 181 (1943); 76 AM.JUR.2D *Unemployment Compensation, supra* at § 2. Unemployment compensation statutes are to be liberally construed in favor of the claimants. 76 AM.JUR.2D *Unemployment Compensation, supra* at § 14.

The statutory term "misconduct" should not be so literally construed as to effect a forfeiture of benefits by an employee except in clear instances; rather, the term should be construed in a manner least favorable to working a forfeiture so as to minimize the penal character of the provision by excluding cases not clearly intended to be within the exception.

*Id.,* § 77 at 840. *See also* Annotation, *Private Employee's Loss of Employment Because of Refusal to Submit to Drug Test as Affecting Right to Unemployment Compensation,* 86 A.L.R.4th 309 (1991).

In this case, Rissler & McMurry's evidence was so conclusory, sketchy, disputed, uncertain, and insubstantial that we would be doing a grave disservice to the jurispru-

dence of unemployment compensation if we were to affirm the district court's decision.

█ Rissler & McMurry contends that this Court should reinstate the appeals examiner's decision and that the Commission exceeded its authority or jurisdiction by changing the appeals examiner's decision. The Division followed the process specified in the agency's rules and regulations, being the exact same procedure which was followed in *Western Gas Processors, Ltd.* The Commission's final decision is the decision to be reviewed by the district court under W.R.A.P. 12, not those decisions which were made at intermediate stages in the process.

The district court's order reversing the Commission's decision is reversed, and the case is remanded to the district court with directions that an order be entered affirming the Commission's determinations that Wenzel committed no misconduct and that he was entitled to receive benefits.

Reversed and remanded.