WYOMING DEPARTMENT OF EM-
PLOYMENT, UNEMPLOYMENT IN-
SURANCE COMMISSION, Appellant
(Respondent),

v.

SF PHOSPHATES, LTD.,
Appellee (Petitioner).

No. 98–70.

Supreme Court of Wyoming.

Jan. 26, 1999.

William U. Hill, Attorney General; and William L. Weaver, Special Assistant Attorney General, for Appellant.

Bruce S. Asay of Associated Legal Group, Cheyenne, for Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN & TAYLOR,* JJ.

MACY, Justice.

Appellant Wyoming Department of Employment, Unemployment Insurance Commission (the commission) granted unemployment benefits to Greg Beauchamp (the claimant). Appellee SF Phosphates, Ltd. petitioned the district court for a review of the commission's decision, and the district court reversed. The commission appealed to the Wyoming Supreme Court.

We reverse the district court's order and affirm the commission's decision.

## ISSUE

The commission poses the following issue for our review:

\* Retired November 2, 1998

Was the decision of the Unemployment Insurance Commission in accordance with law pursuant to Wyoming Statute § 27-3-311(a)(vii) and supported by substantial evidence as required by Wyoming Statute § 16-3-114(c)(ii)(A) and (E)?

## FACTS

The claimant was employed by SF Phosphates for approximately ten years. In February 1997, employees of SF Phosphates reported to the management that the claimant had made threatening statements against a former SF Phosphates manager and a current SF Phosphates employee. The claimant admitted making the statement about the former manager, but he denied making the statement about the current employee. SF Phosphates investigated the allegations and ultimately discharged the claimant.

The claimant filed a claim for unemployment benefits. After his claim was denied on the grounds that he was discharged for misconduct connected with his work, the claimant appealed to the Department of Employment, Employment Resources Division (the division). An appeals examiner for the division held an evidentiary hearing on April 15, 1997. The examiner subsequently issued a decision, concluding that the claimant was discharged but not for misconduct connected with his work. The examiner, accordingly, awarded benefits to the claimant and ordered that those benefits would be charged against SF Phosphates' unemployment insurance account.

SF Phosphates appealed from the examiner's decision to the commission. The commission considered SF Phosphate's appeal at its June 18, 1997, meeting and affirmed the examiner's decision. SF Phosphates filed a petition for a review of the commission's decision with the district court. The district court concluded that the commission's decision was not consistent with the applicable law and reversed. The commission subsequently filed a notice of appeal with the Wyoming Supreme Court.

## STANDARD OF REVIEW

■ When this Court reviews an agency's decision, we do not accord special deference to the district court's determination. *Shaffer v. State ex rel. Wyoming Workers' Safety and Compensation Division,* 960 P.2d 504, 506 (Wyo.1998); *Wyoming Insurance Department v. Avemco Insurance Company,* 726 P.2d 507, 509 (Wyo.1986). Instead, we review the case as if it had come directly to this Court from the agency. *Id.* Judicial review of administrative decisions is limited to a determination of the matters set out in WYO. STAT. ANN. § 16–3–114(c) (Michie 1997). W.R.A.P. 12.09(a); *Everheart v. S & L Industrial,* 957 P.2d 847, 851 (Wyo.1998).

■ We review an agency's findings of fact by applying the substantial evidence standard. *DeWall v. State ex rel. Wyoming Workers' Safety and Compensation Division,* 960 P.2d 502, 503 (Wyo.1998). This Court examines the entire record to determine whether substantial evidence supports the agency's findings. *Id.* Substantial evidence is relevant evidence which a reasonable mind may accept in support of an agency's conclusions. *Id.* We will not substitute our judgment for that of the agency when substantial evidence supports its decision. *Id.* We do not, however, grant the same deference to an agency's conclusions of law. *Nelson v. Sheridan Manor,* 939 P.2d 252, 255 (Wyo.1997). We affirm an agency's conclusions of law when they are in accordance with law. *Corman v. State ex rel. Wyoming Workers' Compensation Division,* 909 P.2d 966, 970 (Wyo.1996). Unemployment benefit cases which involve the contention that an employee was discharged for misconduct connected with his work normally present mixed questions of law and fact. *Wyoming Department of Employment, Division of Unemployment Insurance v. Rissler & McMurry Company,* 837 P.2d 686, 688 (Wyo.1992); *Employment Security Commission of Wyoming v. Western Gas Processors, Ltd.,* 786 P.2d 866, 870 (Wyo.1990).

## DISCUSSION

The commission determined that the claimant was discharged from his employment with SF Phosphates but that he did not commit misconduct associated with his work. The commission ruled, therefore, that the claimant was entitled to receive unemployment benefits. The commission contends that its decision was in accordance with the law and was supported by substantial evidence and that the district court erred by reversing its decision.

■ WYO. STAT. ANN. § 27–3–311(a)(vii) (Michie 1997) states that an individual shall be disqualified from receiving unemployment benefits if the department finds that he was "discharged from his most recent work for misconduct connected with his work." We approved the commission's definition of misconduct in *Safety Medical Services, Inc. v. Employment Security Commission of Wyoming,* 724 P.2d 468 (Wyo.1986). That definition states:

"Misconduct under the Wyoming Employment Security Law means generally an act of an employee which indicates a disregard of (1) the employer's interests or (2) the commonly accepted duties, obligations and responsibilities of an employee. This would include carelessness or negligence of such degree or recurrence as to reveal willful intent or an intentional disregard of the employer's interests or of the employee's duties and obligations to his employer. Inefficiency or failure in good performance as the result of inability or incapacity; ordinary negligence in isolated instances or good faith errors in judgment or discretion are not deemed to be misconduct within the meaning of the Law."

724 P.2d at 472. *See also Barker v. Employment Security Commission of Wyoming,* 791 P.2d 583, 585–86 (Wyo.1990). In order for an employee's conduct to be considered misconduct which would require a denial of his claim for unemployment benefits, it is essential that the employee's conduct evince a disregard of the standards of behavior that the employer has a right to expect from its employee. *Western Gas Processors, Ltd.,* 786 P.2d at 873.

■ The record shows that, on February 1, 1997, the claimant attended a shift-change meeting at his place of employment. During the meeting, he made a statement about a

retired SF Phosphates manager who was featured on the front page of the newspaper. The claimant stated that the only justice for some people is a bullet in the head but that a bullet in the head would be too good for the former manager; he should die slowly. The claimant also reportedly stated that he ought to shoot a current SF Phosphates employee. Neither the former manager nor the current employee whom the claimant supposedly threatened was present when the statements were made.

SF Phosphates conducted an investigation into the incident. After it concluded its investigation, SF Phosphates discharged the claimant. SF Phosphates stated in the termination letter that the claimant was being discharged because he had threatened a current SF Phosphates employee with bodily harm. SF Phosphates claimed that the threat against the current employee was exacerbated by the claimant's threat against the retired manager.

Brian Lake was the only witness who testified on behalf of SF Phosphates at the evidentiary hearing. He had investigated the claimant's alleged threats. He was not, however, present at the shift-change meeting, and he did not hear the claimant make the threats.

■ The claimant admitted that he made the statement about the former manager when he saw his photograph on the front page of the newspaper. He stated, however, that he did not intend for his statement to be a threat and that he did not intend to act upon the statement. The claimant unequivocally denied threatening a current SF Phosphates employee. SF Phosphates refused to reveal the identity of the threatened employee, but the claimant stated that, on the basis of the SF Phosphates investigation, he believed the employee was the human resources manager. The claimant stated that he told the investigators he had not seen the human resources manager in weeks.

The commission found that the claimant made the statement about the retired manager. The commission concluded that, although the statement was ill-advised, it was not a threat and did not constitute miscon-

duct connected with the claimant's employment. The commission also determined that:

> With regard to the alleged threatening statement against the human resources manager, we conclude that the claimant's first hand, under oath, testimony denying having made such a statement is more persuasive than the hearsay evidence and testimony presented by the employer on that issue.

The commission ruled that the claimant was discharged from his employment with SF Phosphates but that he did not commit misconduct connected with his work.

■ The commission's decision was in accordance with law and was supported by substantial evidence. We agree that the claimant's statement about the former manager was ill-advised; however, the manager no longer worked at SF Phosphates and was not present when the claimant made the statement. The claimant testified that he was simply making a comment about justice and did not intend to carry out his statement. The commission's findings that the claimant's statement was not an actual threat and that it did not constitute misconduct connected with his work were, therefore, supported by substantial evidence. Good faith errors in judgment are not considered to be misconduct that would result in a denial of unemployment benefits. *City of Casper v. Wyoming Department of Employment, Unemployment Insurance Division*, 851 P.2d 1, 4 (Wyo.1993); *Barker*, 791 P.2d at 586.

■ With regard to the claimant's alleged threat against the human resources manager, the commission was justified in accepting the claimant's first-hand testimony over the second-hand hearsay testimony presented by Lake on behalf of SF Phosphates. *See City of Casper*, 851 P.2d at 4. The agency is charged with determining the credibility of the witnesses and the ultimate weight to be assigned to the evidence. *Weidner v. Life Care Centers of America*, 893 P.2d 706, 710 (Wyo.1995). The claimant's adamant denial that he made a threat against the human resources manager constitutes substantial evidence to support the commission's determination. The commission appropriately

held that, on the basis of these findings, the claimant was entitled to receive unemployment benefits.

SF Phosphates argues that the claimant's threats violated a company policy against violence and that the claimant was aware of the policy because he had previously been warned about making threats. Violation of a company policy may be considered misconduct sufficient to disqualify an employee from receiving unemployment benefits. *Rissler & McMurry Company,* 837 P.2d at 689–90.

> When an employer contends that violation of its rule constitutes misconduct, the employer bears the burden of establishing the existence of the rule and its violation. If the employer establishes these elements, the burden shifts to the employee to demonstrate either that the violation was justified or that the rule was unreasonable.

837 P.2d at 690. A company policy against violence is obviously an admirable and understandable rule. SF Phosphates did not, however, establish the parameters of its policy against violence or that the claimant violated that policy. SF Phosphates cannot, therefore, rely upon that rationale to support a denial of unemployment benefits to the claimant.

The district court's order is reversed, and the commission's decision is affirmed.