**HAT SIX HOMES, INC., Appellant (Petitioner),**

v.

**The STATE of Wyoming, DEPARTMENT OF EMPLOYMENT, UNEMPLOYMENT INSURANCE COMMISSION, Appellee (Respondent).**

No. 99–102.

Supreme Court of Wyoming.

July 6, 2000.

Representing Appellant: Les Bowron of Beech Street Law Office, Casper, Wyoming.

Representing Appellee: Gay Woodhouse, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Joe Scott, Senior Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, MACY,* GOLDEN, and HILL, JJ.

THOMAS, Justice.

After quitting her situation at Hat Six Homes, Inc. (Hat Six), Dawn Welch (Welch) filed for unemployment benefits under Wyoming law. The Wyoming Department of Employment, Unemployment Insurance Commission (Commission) referred the case to an appeals examiner to make findings of fact and determine the correct application of the law. The first question for this Court to resolve is the sufficiency of the evidence in the contested case hearing to sustain the findings of fact by the appeals examiner. That determination leads to a corollary issue concerning the failure of Hat Six to sustain its burden of establishing the statutory factors articulated in Wyo. Stat. Ann. § 27–3–104(b) (Lexis 1999), which it must do to exclude Welch from the status of an employee for purposes of unemployment benefits. Ultimately, the Commission ruled that Welch was entitled to benefits, and Hat Six brought the case before the district court for judicial review of the decision of the agency. The district court entered an order affirming the agency, and Hat Six appealed to this Court. We hold that there is sufficient evidence to support the findings of fact made by the appeals examiner, and those findings of fact support the ruling that Hat Six did not satisfy its burden of proving the requisite statutory factors to exclude Welch from the status of an employee. The Order Affirming Agency Decision entered in the district court is affirmed.

This statement of the issues is found in the Appellant's Brief, filed on behalf of Hat Six:

 A. Whether substantial evidence exists in the record to support the District Court's finding that Claimant was an employee as opposed to an independent contractor.

 B. Whether substantial evidence exists in the record to support the District Court's finding that Claimant quit her job with good cause.

This Statement of the Issues is found in the Brief of Appellee Wyoming Department of Employment, Unemployment Insurance Commission:

### A

Whether Unemployment Insurance Commission Decision No. C–6607–98, which held Dawn Welch to be an employee of Hat Six Homes, Inc., covered by the employment security law, is supported by substantial evidence?

### B

Whether Unemployment Insurance Commission No. C–6607–98, which held Dawn Welch to have quit her most recent employment with Hat Six Homes, Inc., with good cause directly attributable to employment is supported by substantial evidence?

Welch worked at Hat Six from September of 1996 until November 14, 1997. She did not sign, nor was she offered, a contract. Welch's initial duties were answering phones, greeting customers, and keeping the office orderly. Before long, she was allowed to conduct sales of manufactured homes, perform income analyses of prospective customers, and assist the customers in filling out credit applications. Welch explained to the appeals examiner that her job title was housing consultant.

During the material period, Welch was paid an hourly wage, and she also received a bonus based upon the sales of homes by Hat Six. Welch's hourly wage was increased when the federal minimum wage was raised. During the course of her association with Hat Six, no federal employment-related taxes were withheld, and Welch admitted that she filed a self-employed Form 1099 with the Internal Revenue Service. She explained that the Form 1099 was furnished to her at Hat Six, and was premised upon the advice of the vice-president that she was a contract employee and the assistance of the Hat Six

* Retired June 2, 2000.

bookkeeper, who also prepared Welch's personal income tax return.

During the time she worked at Hat Six, Welch also was enrolled at Casper College. This required some flexibility in her schedule at work. Hat Six claims that Welch was free to come and go as she pleased, and was not required to report to work at any specified time. Welch contends, however, that her schedule was prepared in advance, and she was not free to come and go as she pleased. She also asserts that she was required to get approval for time off and sick days.

While she was working at Hat Six, Welch did not sell homes for any other seller of manufactured homes. She distributed business cards, which listed both her name and Hat Six. In locations other than her place of employment, she often spoke to potential customers about the homes for sale at Hat Six. However, all actual sales occurred on the Hat Six premises.

Welch left her situation at Hat Six due to what she characterized as a "hostile work environment * * *." Welch testified that the president of Hat Six regularly touched her under her shirt and behind her knees in an unwelcome manner, and continued this behavior after she asked him to stop. Additionally, the behavior of the vice-president of Hat Six created a tension that "could [be] cut * * * with a knife * * *." Welch testified to several occasions on which the vice-president yelled and screamed at customers, another employee, and even the president of Hat Six. On some occasions, office supplies and equipment were thrown about and broken by the vice-president. Welch determined to end her employment voluntarily when her concerns about the behavior of the president and vice-president were not remedied.

Following the termination of her association with Hat Six, which she asserted was an employment relationship, Welch filed a claim for unemployment benefits with the Wyoming Department of Employment, Employment Resources Division (the Division). Her claim was presented in accordance with the regulations of the Commission. *See* Wyo. Stat. Ann. § 27–3–401 (Lexis 1999). Welch's claim was denied by the Division, and Welch filed a timely appeal. The matter then was

referred to the Division's appeals examiner, and the appeals examiner found Hat Six was chargeable for benefits to be paid to Welch, ruling that Welch was an employee of Hat Six, not an independent contractor, and that Welch had good cause to terminate her employment. The matter then was appealed to the Commission for a panel review. The Commission remanded the case to the appeals examiner, ordering that additional evidence be taken on the issue of employment and the issue of good cause for leaving. A second hearing was conducted, and the appeals examiner again found that Welch was an employee of Hat Six and had good cause to quit her employment. This decision also was reviewed by the Commission, which affirmed the decision. Upon the petition of Hat Six, the case then was the subject of judicial review by the district court. This appeal follows from the Order Affirming Agency Decision entered in the district court.

■ · The Wyoming Administrative Procedure Act governs this Court's review of decisions by the Commission. *Wyoming Dept. of Employment, Unemployment Ins. Com'n v. SF Phosphates, Ltd.*, 976 P.2d 199, 201 (Wyo. 1999); *Employment Sec. Com'n of Wyoming v. Western Gas Processors, Ltd.*, 786 P.2d 866, 870 (Wyo.1990). The review provision reads:

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

Wyo. Stat. Ann. § 16–3–114(c) (Lexis 1999).

In reviewing unemployment benefit cases, we have said:

The standard of review of an agency determination is well-established. Unemployment benefit cases involving contended misconduct normally present mixed questions of law and fact. *Henson v. Employment Sec. Dept. of State*, 113 Wash.2d 374, 779 P.2d 715 (1989). *See generally Natrona County School Dist. No. 1 v. McKnight*, 764 P.2d 1039 (Wyo.1988). A reviewing court is "confined to the matters explicitly referenced in W.S. 16–3–114(c) and W.R.A.P. 12.09." *Cook v. Zoning Bd. of Adjustment for the City of Laramie*, 776 P.2d 181, 184 (Wyo.1989).

"On appeal from a district court's consideration of an agency action, this court is not bound by the conclusions of the reviewing court. Rather, using the same evidentiary materials and the same review standards as the district court, we conduct an independent inquiry into the matter, just as if it had proceeded directly to us from the agency."

*Southwest Wyoming Rehabilitation Center v. Emp. Sec. Com'n of Wyoming*, 781 P.2d 918, 920 (Wyo.1989). (*Accord Employment Sec. Com'n of Wyoming v. Bryant*, 704 P.2d 1311, 1314 (Wyo.1985) and *Matter of North Laramie Land Co.*, 605 P.2d 367, 373 (Wyo.1980).) Our deference for findings of fact is reserved for the fact-finder which, in this case, is ESC. *Department of Revenue and Taxation of State of Wyoming v. Casper Legion Baseball Club, Inc.*, 767 P.2d 608 (Wyo.1989). *See Zezas Ranch, Inc. v. Board of Control*, 714 P.2d 759, 764 (Wyo.1986).

*Western Gas Processors, Ltd.*, 786 P.2d at 870 (footnote omitted).

We review an agency's findings of fact by applying the substantial evidence standard. *DeWall v. State ex rel. Wyoming Workers' Safety and Compensation Division*, 960 P.2d 502, 503 (Wyo.1998). This Court examines the entire record to determine whether substantial evidence supports the agency's findings. *Id.* Substantial evidence is relevant evidence which a reasonable mind may accept in support of an agency's conclusions. *Id.* We will not substitute our judgment for that of the agency when substantial evidence supports its decision. *Id.* We do not, however, grant the same deference to an agency's conclusions of law. *Nelson v. Sheridan Manor*, 939 P.2d 252, 255 (Wyo.1997). We affirm an agency's conclusions of law when they are in accordance with law. *Corman v. State ex rel. Wyoming Workers' Compensation Division*, 909 P.2d 966, 970 (Wyo.1996). Unemployment benefit cases which involve the contention that an employee was discharged for misconduct connected with his work normally present mixed questions of law and fact. *Wyoming Department of Employment, Division of Unemployment Insurance v. Rissler & McMurry Company*, 837 P.2d 686, 688 (Wyo.1992); *Employment Security Commission of Wyoming v. Western Gas Processors, Ltd.*, 786 P.2d 866, 870 (Wyo. 1990).

*SF Phosphates, Ltd.*, 976 P.2d at 201.

 In summary, review of the decision by the Commission comes to this Court with no special deference to the decision of the district court. *Wyoming Dept. of Employment, Unemployment Ins. Com'n v. Porter*, 986 P.2d 148, 150 (Wyo.1999). The matter is treated as if it had come directly to this Court from the agency. *SF Phosphates, Ltd.*, 976 P.2d at 201. The legal conclusion of an agency is affirmed only if it is in accordance with the law. *SF Phosphates, Ltd.*, 976 P.2d at 201; *Haynes v. State ex rel. Wyoming Workers' Compensation Div.*, 962 P.2d 876, 878 (Wyo.1998).

In recent worker's compensation cases, we have turned to the "arbitrary, capricious, or

an abuse of discretion" standard when evaluating a hearing examiner's finding that a party failed to meet the burden of proof:

> When an agency decides that the party charged with the burden of proof has failed to meet that burden, the case is reviewed under the "[a]rbitrary, capricious, an abuse of discretion or otherwise not in accordance with law" language of Wyo. Stat. § 16–3–114(c)(ii) (1990). *City of Casper v. Utech*, 895 P.2d 449, 452 (Wyo.1995). On appeal the complainant, Pederson in this instance, has the burden of proving arbitrary administrative action. *Knight v. Environmental Quality Council of State of Wyo.*, 805 P.2d 268 (Wyo.1991); *Wyoming Bancorporation v. Bonham*, 527 P.2d 432, 439 (Wyo.1974); *Marathon Oil Co. v. Welch*, 379 P.2d 832, 836 (Wyo.1963); *Whitesides v. Council of City of Cheyenne*, 78 Wyo. 80, 319 P.2d 520, 526 (1957). The agency, as the trier of fact, is charged with weighing the evidence and determining the credibility of witnesses. *Utech*, 895 P.2d at 451, and cases there cited. The deference normally accorded to the findings of fact by a trial court is extended to the administrative agency, and the agency's decision as to the facts will not be overturned unless it is clearly contrary to the overwhelming weight of the evidence. *Wyoming Steel & Fab, Inc. v. Robles,* 882 P.2d 873, 875 (Wyo.1994).

*Pederson v. State ex rel. Wyoming Workers' Compensation Div.*, 939 P.2d 740, 742 (Wyo. 1997). *Pederson* has been followed as recently as *Murray v. State ex rel. Wyoming Workers' Safety and Compensation Div.*, 993 P.2d 327, 329–30 (Wyo.1999).

■ The Wyoming Employment Security Act provides:

> (b) An individual who performs service for wages is an employee for purposes of this act unless it is shown that the individual:

>> (i) Is free from control or direction over the details of the performance of services by contract and by fact;

>> (ii) Repealed by Laws 1991, ch. 153, § 1.

>> (iii) and (iv) Repealed by Laws 1995, ch. 121, § 3.

>> (v) Represents his services to the public as a self-employed individual or an independent contractor; and

>> (vi) May substitute another individual to perform his services.

Wyo. Stat. Ann. § 27–3–104(b). It is uncontested that Welch was paid an hourly wage during her tenure at Hat Six. This wage began at $5.00 an hour and was later increased to $5.15 an hour when the federal minimum wage was increased to that amount. According to the Wyoming Employment Security Act, Welch is an employee entitled to unemployment insurance.

■ To contradict this assumption, the employer is charged with the burden of proof to demonstrate the circumstances of employment were such that the elements of Wyo. Stat. Ann. § 27–3–104(b) were satisfied:

> We have said that the statutory definition of employment determines whether a worker may be eligible for unemployment benefits under the Act, *Scott v. Fagan*, Wyo., 684 P.2d 805, 810 (1984). A worker is covered by the Act unless the hiring party establishes that the worker's services satisfy all three specified conditions of nonemployment. *Unemployment Compensation Commission of Wyoming v. Mathews* [56 Wyo. 479, 111 P.2d 111 (1941) ], supra.

*Employment Sec. Com'n of Wyoming v. Laramie Cabs, Inc.*, 700 P.2d 399, 404 (Wyo. 1985).

■ The first element requires that the employer demonstrate that the worker was "free from control or direction over the details of the performance of services * * *." Wyo. Stat. Ann. § 27–3–104(b)(i). Hat Six points to several disputed facts in the record to indicate that Welch was free from direct supervision and control by Hat Six.

> Demonstrating evidentiary contradictions in the record does not establish the irrationality of the ruling, but we do examine conflicting evidence to determine if the agency reasonably could have made its finding and order based upon all of the evidence before it. *Matter of Corman*, 909 P.2d 966, 971 (Wyo.1996); *Knight [v. Envi-*

ronmental Quality Council of State of Wyo., 805 P.2d [268] at 274 (Wyo.1991)]; Ward v. Board of Trustees of Goshen County School Dist. No. 1, 865 P.2d 618, 623 (Wyo.1993); State ex rel. Wyoming Workers' Compensation Div. v. Ramsey, 839 P.2d 936, 941 (Wyo.1992).

Pederson, 939 P.2d at 742. Our review of the record in this case discloses that the appeals examiner reasonably could have found that Welch was not "free from control or direction over the details of the performance of services * * *." Wyo. Stat. Ann. § 27–3–104(b)(i).

Second, to meet its burden, Hat Six was required to show that Welch "[r]epresents [her] services to the public as a self-employed individual or an independent contractor[.]" Wyo. Stat. Ann. § 27–3–104(b)(v). The evidence clearly indicates that Welch at no time made a representation to the public that she was representing any business entity other than Hat Six. The finding of the appeals examiner that Hat Six did not establish this element was reasonable. Hat Six argues that by submitting the Form 1099 and by not complaining about her status to the proper authority, Welch represented herself as self-employed to the public. However, we are satisfied that the purpose of this prong of the independent contractor test is to protect the potential customer by providing notice of the status of the person with whom business is being transacted. Tax returns and the information filed with the Internal Revenue Service are confidential. 26 U.S.C. § 6103. The public has no access to these filings, and could not receive any notice of Welch's status from them.

■ Finally, Hat Six argues that because Welch was never told she could not substitute another individual to perform her services, she could have substituted another. However, there is a lack of sufficient evidence in the record which would demonstrate any instance in which Welch substituted another employee to perform her services within the meaning of the Wyoming Employment Security Act. The Wyoming Employment Security Act distinguishes between an employee and an independent contractor, whose responsibility is to complete the job he/she was hired to do. As long as the job is completed to specifications, the independent contractor is allowed to disperse the actual labor in whichever way that person selects. The Wyoming Employment Security Act is not intended to prevent an employee from receiving the benefits of unemployment insurance simply because of trading shifts with a co-worker when the employee needs a day off or is ill.

The appeals examiner found that Hat Six did not overcome the presumption of employment set forth in the statute. After reviewing the record, we hold that the conclusion of the appeals examiner that Hat Six failed to meet the requirements of Wyo. Stat. Ann. § 27–3–104(b) was not arbitrary or capricious, nor did it constitute an abuse of discretion. Affording deference to the determination of the appeals examiner, we hold that Hat Six did not sustain its required burden of proving that Welch was an independent contractor and not an employee of Hat Six.

■ Our statute provides for disqualification of an employee from unemployment benefits in this language:

(a) An individual shall be disqualified from benefit entitlement * * * if the department finds that he:

(i) Left his most recent work voluntarily without good cause attributable directly to his employment, except for bona fide medical reasons involving his health or if returning to approved training which meets the requirements of W.S. 27–3–307[.]

Wyo. Stat. Ann. § 27–3–311(a)(i) (Michie 1997).

Good cause was defined by this court in Sage Club, Inc. v. Employment Sec. Commission of Wyoming, 601 P.2d 1306, 1310 (Wyo.1979):

To constitute "good cause" the evidence presented must demonstrate:

" * * * such a cause as justifies an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed; the quitting must be for such a cause as would reasonably motivate in a similar situation the average able-bodied and qualified worker to

give up his or her employment with its certain wage rewards in order to enter the ranks of the compensated unemployed. The terms 'good cause' and 'personal reasons' connote, as minimum requirements, real circumstances, substantial reasons, objective conditions, palpable forces that operate to produce correlative results; adequate excuses that will bear the test of reason; just grounds for action. * * * "

81 C.J.S. Social Security and Public Welfare s 226(a), pp. 448–452; *Erie Resistor Corporation v. Unemployment Compensation Board of Review,* 1953, 172 Pa.Super. 430, 94 A.2d 367, 369; 18A Words and Phrases, 'Good Cause,' pp. 58–64 (1956) (1979 Pocket Part, pp. 20–23).

That definition has been followed consistently. *Southwest Wyoming Rehabilitation Center v. Employment Sec. Com'n of Wyoming,* 781 P.2d 918, 921 (Wyo.1989); *Beddow v. Employment Sec. Com'n of Wyoming,* 718 P.2d 12, 14 (Wyo.1986); *Employment Sec. Com'n of Wyoming v. Bryant,* 704 P.2d 1311, 1315–17 (Wyo.1985); *Scott v. Fagan,* 684 P.2d 805, 809 (Wyo.1984).

 Welch gave two reasons for quitting her job at Hat Six—unwelcome sexual advances by the president of Hat Six, and the increasing number of violent episodes by the vice-president of Hat Six. The record demonstrates a great deal of inappropriate sexual behavior by both Welch and the president. We evaluate only whether the decision of the appeals examiner that Welch had good cause was supported by substantial evidence on the record. We must find more than a scintilla of evidence and more than a suspicion that a certain fact exists. *Southwest Wyoming Re-*

*habilitation Center,* 781 P.2d at 921. Once substantial evidence is found, the possibility of drawing two inconsistent conclusions from this evidence does not prevent this Court from finding that the conclusion drawn by the administrative agency was supported by substantial evidence. *Southwest Wyoming Rehabilitation Center,* 781 P.2d at 921, and cases therein cited. Upon review of the record, we discern substantial evidence that would justify Welch in voluntarily leaving her employment because of the sexual harassment and violence in the work place. The evidence demonstrated that the president consistently touched Welch with his hands in an inappropriate manner for a person in a position of power. The record also encompasses episodes of the vice-president throwing staplers, cellular phones, and drive way alarms about the office requiring Welch to duck to avoid being struck. Welch also testified that the work place environment was affecting her health. We will defer to the experience and expertise of the appeals examiner in weighing the evidence presented.

After our examination of the record, we are satisfied that the decision of the appeals examiner was based upon substantial evidence, and was neither arbitrary, capricious, nor an abuse of discretion. The decision of the appeals examiner was in accordance with law. The Order Affirming Agency Decision entered in the district court is affirmed.