2006 WY 129

**ASPEN RIDGE LAW OFFICES, P.C., Appellant (Petitioner),**

v.

**WYOMING DEPARTMENT OF EMPLOYMENT, Unemployment Insurance Commission; and Geneva A. Brewer, Appellees (Respondents).**

No. 06–13.

Supreme Court of Wyoming.

Oct. 13, 2006.

Representing Appellant: Galen Woelk, of Aron & Hennig, Laramie, Wyoming.

Representing Appellees: William L. Weaver, Senior Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL *, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Aspen Ridge Law Offices, P.C. ("Aspen Ridge") challenges an award of unemployment insurance benefits to its former employee, Geneva Brewer. We affirm.

## ISSUES

[¶ 2] Aspen Ridge presents three issues for review:

I. Whether the Commission's refusal to allow Employer to present evidence of Brewer's workplace misconduct was arbitrary and capricious?

II. Whether the Commission's conclusions were supported by substantial evidence?

III. Whether the Commission failed to provide Employer with a fair and impartial hearing?

## FACTS

[¶ 3] Geneva Brewer was employed as a legal secretary by Aspen Ridge. Sue Davidson is the principal shareholder of Aspen Ridge. On September 22, 2004, Ms. Davidson terminated Ms. Brewer's employment. The next day, Ms. Brewer applied for unemployment insurance benefits. Aspen Ridge contested the application claiming Ms. Brewer was discharged for misconduct because: (1) Ms. Brewer was instructed to prepare an affidavit in a fee dispute case and failed to do so; and (2) subsequent to Ms. Brewer's discharge, Ms. Davidson learned that Ms. Brewer was spearheading a conspiracy to have all employees resign at the same time.[1]

---

* Chief Justice at time of expedited conference.

1. The written response filed by Aspen Ridge states in full as follows:

Employee was instructed three days prior to her scheduled absence from the office to complete and sign an affidavit. Each day she was reminded to complete this task. As of the last day prior to departure she had failed to complete this task. She was instructed to complete and sign the affidavit before she left work

for the evening. Instead she wanted to "come in first thing the next morning (a work day, July 29, 2004) to do the work." On the condition that she would "come in first thing the next morning," she was allowed to leave work for the day. However, she failed to come in as instructed and as she promised nor did she call the next day to offer justification for her absence. When she was confronted about the matter, she had no excuse except that she "forgot." Employer advised her that her fail-

[¶ 4] A deputy for the Unemployment Insurance Division awarded benefits finding that Ms. Brewer's acts, or lack thereof, were isolated incidents of poor judgment or ordinary negligence and did not constitute an intentional disregard for the employer's interests. Aspen Ridge appealed and requested a hearing.

[¶ 5] A contested case hearing was held on January 19, 2005. Ms. Davidson testified that she terminated Ms. Brewer's employment because the affidavit she requested in July was still not completed in September. She testified as follows:

[EXAMINER]: ... Exactly what was she required to do?

[MS. DAVIDSON]: She was requested to put together after she had done an extensive file review of the [fee dispute file], in addition to relevant court files, to do an affidavit of recollection responsive to [the filed fee dispute].

[EXAMINER]: All right. Did ... Ms. Brewer tell you why ... she wouldn't, hadn't completed that assignment?

[MS. DAVIDSON]: She had forgotten.... [T]he July time frame ended with the day before her scheduled absence.... Genny, is that done? This is the deadline. No it's not done. She was obviously harried that day. It was obvious to me that she wanted to get out of the office. I told her it had to be completed. She had one of two choices that day. One was to stay and complete the project that night, or she offered to come in first thing the next morning and to complete that project, signing the affidavit before one of our staff members. Genny failed to do either one of those, after promising that she would come in first thing the next day in order to have accomplished that feat. She was confronted then when she returned to the office about completion of that task. I believe that she returned on a Monday. **When I determined several months later, much to my dismay and chagrin that it had not been completed, the instruction was given to complete that project. And so it was a continuation of that instruction from the early July time frame to the time period in September.**

(Emphasis added.) Ms. Davidson testified that she viewed Ms. Brewer's failure to complete the affidavit as an "act of defiance." Ms. Davidson did not testify about her knowledge of the alleged conspiracy.

[¶ 6] After Ms. Davidson testified, Ms. Brewer was called as a witness. She testified that she was in a hurry to leave for vacation and that she forgot to complete the affidavit. She testified that upon her return from vacation, she completed the document and placed it on Ms. Davidson's chair for her review. Ms. Brewer produced copies of various drafts of the affidavit, two of which contained Ms. Davidson's handwritten revisions.

[¶ 7] During cross-examination of Ms. Brewer, Aspen Ridge attempted to elicit testimony concerning the alleged conspiracy. The hearing examiner refused the evidence,

---

ure was classified as an incident of insubordination. It was hoped that Employee would learn from the incident and not engage in similar conduct in the future.

Three days before Employee was terminated, she was instructed to complete a task. Each day she was reminded the task was not done yet. As of the day of termination, the task had not been completed and, in her words, had "barely been started." This was another incident of insubordination. She said she would do the task the next day. She was told that it no longer mattered whether she did the task or not. She was terminated on the spot, September [22], 2004.

Subsequent to terminating Employee, Employer learned Employee had been agitating the staff to quit Employer. A job application was even given to another staff member as part of this process. A conspiracy was being spear-headed by Employee to have all staff members resign at one time. Another staff member did tender her resignation citing Employee's conduct as a reason to accept other employment. Employer was told that Employee was disgruntled prior to her termination by Employer. Whatever concerns Employee had were never addressed by her with Employer.

Since her termination, employee is/has been contacting staff telephonically as many as two to three times daily at work.

A former employee with whom Employee had developed a close association and who had previously been terminated by Employer a couple years ago has also been contacting staff telephonically at work as many as two to three times a day at work. This former employee did not engage in virtually any contact with any staff member until after Employee's termination.

finding it irrelevant. Aspen Ridge next called another of its employees and, *inter alia*, inquired whether she had discussions with Ms. Brewer concerning quitting her employment. The hearing examiner again found Aspen Ridge's inquiry irrelevant and refused to admit the evidence.

[¶ 8] The hearing examiner entered findings of fact, stating in pertinent part:

3. Before leaving on her vacation, the claimant was instructed to prepare an affidavit regarding a fee dispute a client had with the employer's principal shareholder.

4. The claimant did not complete the affidavit before going on vacation.

5. On August 4, 2004 the claimant completed a first draft of the affidavit.

6. The principal shareholder reviewed and edited the affidavit.

7. On August 8, 2004 the claimant completed a second draft of the affidavit.

8. The principal shareholder reviewed and edited the affidavit.

9. On August 11, 2004 the claimant completed a third and final draft of the affidavit.

10. On September 22, 2004 the employer's principal shareholder met with the claimant.

11. The principal shareholder and the cla[i]mant reviewed some business matters.

12. The principal shareholder then told the claimant that she, the principal shareholder, "could not get past" the claimant's failure to complete the affidavit before going on vacation in July 2004.

13. The principal shareholder then discharged the claimant from her employment.

Based on these findings, the hearing examiner determined that Aspen Ridge "failed to demonstrate that [Ms. Brewer's] action[s] in July 2004 caused the employer to discharge [her] in September 2004." The hearing examiner concluded that Ms. Brewer was not disqualified from benefit entitlement for misconduct connected to her work.

[¶ 9] Aspen Ridge appealed to the Unemployment Insurance Commission. The Commission affirmed the decision of the hearing officer but modified certain of the factual findings stating:

The hearing officer's decision is affirmed. The Findings of Fact, except for numbered paragraphs 3, 4, 5, 6, 7, 8 and 9; Statement of Law; and Conclusions of the hearing officer are adopted and incorporated herein by reference. We make the following additional findings of fact and conclusions:

### FINDINGS OF FACT

A. Before leaving on her vacation, the claimant was instructed to prepare a personal affidavit relative to a fee dispute a client had with the employer's principal shareholder.

B. The claimant worked on the affidavit on July 27 and 28, 2004; however, she did not complete it prior to the close of business on July 28, 2004.

C. The claimant offered to complete the affidavit the next day.

D. That offer was acceptable to the principal shareholder.

E. The claimant got involved in preparation for the arrival of a friend and forgot about doing the affidavit on July 29, 2004.

F. Immediately upon return from her vacation on August 4, 2004, the claimant finalized her affidavit, signed it and had it notarized.

G. The principal shareholder reviewed and edited the August 4, 2004 affidavit.

H. Based upon those edits the claimant redid her affidavit, signed it and had it notarized on August 9, 2004.

I. The principal shareholder reviewed and edited the August 9, 2004 affidavit.

J. Based upon those edits the claimant once again redid her affidavit, signed it and had it notarized on August 11, 2004.

The Commission concluded that "claimant's failure to complete the affidavit on July 29,

2004 was ordinary negligence in an isolated instance." Aspen Ridge next sought review in the district court. The district court also affirmed the award. This appeal followed.

### STANDARD OF REVIEW

[¶ 10] We conduct our review of this case pursuant to Rule 12 of the Wyoming Rules of Appellate Procedure. Rule 12.09(a) limits our review to matters contained in the Wyoming Administrative Procedure Act, which provides in pertinent part:

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

Wyo. Stat. Ann. § 16–3–114(c) (LexisNexis 2003).

[¶ 11] Unemployment benefit cases where misconduct is alleged present mixed questions of law and fact. *Hat Six Homes v. State, D.O.E.,* 6 P.3d 1287, 1291 (Wyo.2000). We are not bound by the conclusions of the district court. *Id.* Rather, we use the same evidentiary materials and the same review standards as the district court, conducting an independent inquiry into the matter. *Id.* We review the case as if it had come directly to this Court from the agency. *Id.* In that regard, we review an agency's findings of fact by applying the substantial evidence standard. *Id.* We affirm an agency's conclusions of law when they are in accordance with law. *Id.* Aspen Ridge bears the burden of proving that the Commission's decision is not supported by substantial evidence. *Roberts v. Employment Sec. Comm'n,* 745 P.2d 1355, 1357 (Wyo.1987).

### DISCUSSION

[¶ 12] Aspen Ridge contends that Ms. Brewer is not entitled to unemployment insurance benefits because she was discharged for misconduct connected with her work. *See* Wyo. Stat. Ann. § 27–3–311(f) (LexisNexis 2003).[2] Aspen Ridge asserts the Commission's decision that Ms. Brewer's actions constituted ordinary negligence is erroneous. Aspen Ridge claims the hearing officer did not properly consider all of the evidence because she excluded evidence of the alleged conspiracy. As a result, Aspen Ridge contends substantial evidence cannot exist to support the decision. We disagree.

[¶ 13] "Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support the findings of the agency." *World Mart v. Ditsch,* 855 P.2d 1228, 1232 (Wyo.1993). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." W.R.E. 401.

---

**2.** Wyo. Stat. Ann. § 27–3–311(f) states:

An individual shall be disqualified from benefit entitlement beginning with the effective date of an otherwise valid claim or the week during which the failure occurred, until he has been employed in an employee-employer relationship and has earned at least twelve (12) times the weekly benefit amount of his current claim for services after that date, if the department finds that he was discharged from his most recent work for misconduct connected with his work.

*See also Dept. of Employment v. Roberts Const.*, 841 P.2d 854, 857 (Wyo.1992). Irrelevant evidence is inadmissible. *See* Wyo. Stat. Ann. § 16–3–108(a) (LexisNexis 2003). Rulings on the admission of evidence are within the sound discretion of the agency as the trier of fact. *Roush v. Pari–Mutuel Comm'n*, 917 P.2d 1133, 1139 (Wyo.1996). We will only set aside an evidentiary determination if the agency abused its discretion. *Id.*

[¶ 14] The hearing officer refused to admit evidence relating to the alleged conspiracy on the basis that it was irrelevant. The issue before the hearing officer was whether Ms. Brewer's discharge was for misconduct related to her work. There was no suggestion that Ms. Davidson had any knowledge of the alleged conspiracy prior to her decision to terminate Ms. Brewer's employment. Ms. Davidson's unqualified testimony was that she had decided to discharge Ms. Brewer because of her failure to complete the affidavit. Even if true, the conspiracy played no role in Ms. Davidson's decision to discharge Ms. Brewer. The excluded evidence lacked relevance, and we perceive no error in the hearing officer's ruling.

[¶ 15] Having determined that evidence of the alleged conspiracy was properly excluded, we need only examine the evidence before the hearing officer in our search for substantial evidence. In that regard, we find that substantial evidence exists to support the finding that Ms. Brewer did not commit misconduct related to her work.

[¶ 16] Misconduct is defined as an act of an employee which indicates a disregard of (1) the employer's interests or (2) the commonly accepted duties, obligations and responsibilities of an employee. This would include carelessness or negligence of such degree or recurrence as to reveal willful intent or an intentional disregard of the employer's interests or of the employee's duties and obligations to his employer. Inefficiency or failure in good performance as the result of inability or incapacity; ordinary negligence in isolated instances or good faith errors in judgment or discretion are not deemed to be misconduct within the meaning of the Law.

*Safety Med. Services, Inc. v. Emp. Sec. Comm'n*, 724 P.2d 468, 472 (Wyo.1986). Unemployment compensation statutes are to be liberally construed in favor of the claimants. *Wyoming Dep't of Employment, Div. of Unemployment Ins. v. Rissler & McMurry Co.*, 837 P.2d 686, 690 (Wyo.1992). We construe the term misconduct "in a manner least favorable to working a forfeiture" because unemployment compensation is part of an employee's compensation, not "a gratuity which may be withheld frivolously." *Id.*

[¶ 17] There was conflicting evidence in the case. Ms. Davidson testified that the affidavit was never completed and that she viewed the failure to complete the affidavit as intentional conduct:

> [MR. WOELK]: [W]hat was your ... final reason, ... your understanding of why you had to terminate Ms. Brewer?
>
> [MS. DAVIDSON]: Because Ms. Brewer had not accomplished the task that she had been assigned, and that there had been a period of delay from the beginning July time frame at least through the date of her termination when the issue resurfaced that it had not been completed.
>
> [MR. WOELK]: And was it your belief that that was intentional?
>
> [MS. DAVIDSON]: Yes.

On the other hand, Ms. Brewer testified that although she was in a hurry to leave for vacation and forgot to finish the affidavit at that time, she completed it upon her return. Ms. Brewer produced copies of the affidavit, including copies with Ms. Davidson's handwritten revisions.

[¶ 18] "The agency, as the trier of fact, is charged with weighing the evidence and determining the credibility of witnesses." *Hat Six Homes*, 6 P.3d at 1292. The Commission found that Ms. Brewer completed the affidavit upon her return and that the final draft of the affidavit was notarized on August 11, 2004. The Commission concluded that her failure to complete the affidavit in July was an isolated instance of ordinary negligence which did not constitute misconduct. Aspen Ridge fails to point to evidence

demonstrating that Ms. Brewer intentionally disregarded her employer's interests or that Ms. Brewer's conduct was more than an isolated incident. The record supports the Commission's conclusion that Ms. Brewer's conduct did not rise to a level which would disqualify her from receiving unemployment benefits, and we will not second guess that determination on appeal.

[¶ 19]   Aspen Ridge also claims that the agency hearing was not fair or impartial, citing *Monahan v. Bd. of Trustees*, 486 P.2d 235 (Wyo.1971). Specifically, Aspen Ridge contends that it was unfair for the hearing officer to preclude evidence concerning the alleged conspiracy and that the hearing was not conducted in an impartial manner because the hearing officer interposed her own objections to Aspen Ridge's questions and ruled on those objections. Aspen Ridge also contends the hearing officer impermissibly conducted her own cross-examination of witnesses.

[¶ 20]   Although the hearing examiner asked occasional questions of witnesses, this was not conducted in such a manner as to "take over the examination." *Monahan*, 486 P.2d at 238. Aspen Ridge was permitted to call all of its witnesses, present relevant evidence, and to cross-examine all witnesses. The hearing examiner properly excluded irrelevant evidence offered by both Aspen Ridge and Ms. Brewer. *See* Wyo. Stat. Ann. § 16–3–108(a) (stating irrelevant evidence is inadmissible) and Wyo. Stat. Ann. § 16–3–112(a)(iii), (v) (LexisNexis 2003) (authorizing the hearing officer to receive relevant evidence and to regulate the course of the hearing). Based upon our review of the proceedings, we do not find anything to suggest Aspen Ridge was not provided a fair and impartial hearing.

[¶ 21]   Affirmed.