Kenneth BARKER, Anton Bocek, George Buszkiewic, Ben Campbell, Kenneth D. Copp, Michael Doyle, Edward Feaster, Craig Hanson, David Jelly, John Johnson, Wayne McKenzie, Robert Nielson, Edgar Sadler, Charles Smith, and Edwin Wartensleben, Appellants (Petitioners),

v.

EMPLOYMENT SECURITY COMMISSION OF WYOMING, and Big Horn Coal Company, Appellees (Respondents).

No. 89–222.

Supreme Court of Wyoming.

May 15, 1990.

Michael K. Shoumaker of Shoumaker & Murphy, Sheridan, and Robert M. Weaver of Longshore, Nakamura & Quinn, Birmingham, Ala., for appellants.

Joe Scott, Sr. Asst. Atty. Gen., Casper, for appellee, Employment Sec. Com'n of Wyoming.

Hyden F. Heaphy, Jr. of Burgess & Davis, Sheridan, and Jeffrey T. Johnson and Sandra R. Goldman of Holland & Hart, Denver, Colo., for appellee, Big Horn Coal Co.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

MACY, Justice.

Appellants appeal from the district court's decision affirming Appellee Employment Security Commission of Wyoming's (the ESC) denial of unemployment compensation benefits. The ESC denied Appellants' claim for benefits because it determined that Appellants were discharged for misconduct during a strike against Appellee Big Horn Coal Company (BHCC).

We affirm.

Appellants raise the following issue:

Is there substantial evidence to support the conclusion of the Wyoming Employment Security Commission that the Appellants engaged in misconduct within the terms of Wyo.Stat. § 27-3-311 so as to justify their disqualification from unemployment compensation benefits?

Pursuant to a strike against BHCC, Appellants and other employees of BHCC participated in a demonstration on November 11, 1987, at the main entrance of the BHCC mine, which was located near Sheridan, Wyoming. Although the demonstration was peaceful, a convoy of vehicles containing replacement workers was delayed from entering the mine because the individual leading the convoy felt that demonstrators were blocking the entrance of the mine. The gate to the mine had been padlocked by someone other than BHCC or its nonstriking employees, and the entrance was further obstructed by a pickup and demonstrators who stood or walked on the road leading to the mine. The sheriff told the leader of the convoy that he should not attempt to enter the mine through the main entrance because the demonstrators stated that they would not allow entry. The convoy finally entered the mine through an alternative access.

When the strike ended in 1988, Appellants sought reinstatement as BHCC employees. BHCC refused to rehire Appellants because it claimed that Appellants blocked the main entrance to its mine during the November 11, 1987, demonstration. BHCC based its assertion on photographs and video recordings taken at the demonstration and on observations made by BHCC employees.

Appellants subsequently applied for unemployment compensation benefits. The chief appeals examiner for the ESC conducted a hearing and determined that Appellants were eligible for benefits. BHCC appealed the determination because it asserted that Appellants were discharged for

misconduct and, therefore, were not entitled to benefits.

The ESC found that Appellants were discharged for misconduct because they "actively engaged in blocking the access road and gate to the mine for an extended period of time," and that such conduct disqualified them from receiving unemployment compensation benefits.[1] Appellants appealed the ESC's decision to the district court, and the district court affirmed the agency's denial of benefits. The district court stated that substantial evidence existed to support the ESC's findings. This appeal followed.

Our review of the ESC's determination is subject to the standards enumerated in W.R.A.P. 12.09[2] and Wyo.Stat. § 16-3-114(c) (1977). *Doidge v. State Board of Charities and Reform,* 789 P.2d 880 (Wyo.1990); *Employment Security Commission of Wyoming v. Western Gas Processors, Ltd.,* 786 P.2d 866 (Wyo.1990). Section 16-3-114(c) provides:

To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

When we review an agency decision which a party claims is not supported by substantial evidence, we determine whether the decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Such evidence may be less than the weight of the evidence but cannot be contrary to the overwhelming weight of the evidence." *Big Piney Oil & Gas Company v. Wyoming Oil and Gas Conservation Commission,* 715 P.2d 557, 561–62 (Wyo.1986) (citations omitted).

The ESC disqualified Appellants from benefit entitlement pursuant to Wyo.Stat. § 27-3-311 (1977). Subsection (c)[3] of that section provided:

An individual shall be disqualified from benefit entitlement and shall forfeit all accrued benefits if he was discharged from his most recent work for *misconduct* connected with his work, fraud or receipt of disqualifying income.

(Emphasis added.) We have previously utilized the following definition of misconduct:

"Misconduct under the Wyoming Employment Security Law means generally an act of an employee which indicates a disregard of (1) the employer's interests or (2) the commonly accepted duties, obligations and responsibilities of an employee. This would include carelessness or

---

**1.** Wyo.Stat. § 27-3-404(b) (1977) provides in pertinent part:

Upon review or appeal and based on evidence previously submitted or upon additional evidence it may direct be taken, the commission may affirm, modify or reverse the findings and conclusions of the appeal tribunal.

**2.** W.R.A.P. 12.09 provides in pertinent part:

The review shall be conducted by the court without a jury and shall be confined to the record as supplemented pursuant to Rule 12.-08, W.R.A.P., and to the issues raised before the agency. The court's review shall be limited to a determination of the matters specified in § 16-3-114(c).

**3.** Subsection (c) was amended effective July 1, 1989.

negligence of such degree or recurrence as to reveal willful intent or an intentional disregard of the employer's interests or of the employee's duties and obligations to his employer. Inefficiency or failure in good performance as the result of inability or incapacity; ordinary negligence in isolated instances or good faith errors in judgment or discretion are not deemed to be misconduct within the meaning of the Law."

*Safety Medical Services, Inc. v. Employment Security Commission of Wyoming,* 724 P.2d 468, 472 (Wyo.1986), *quoted in Roberts v. Employment Security Commission of Wyoming,* 745 P.2d 1355, 1358 (Wyo.1987). None of the parties seem to dispute that an employee who blocks the main entrance to a mine site may be disqualified from benefit entitlement. We agree that such conduct indicates a disregard for BHCC's interests and, therefore, amounts to misconduct under § 27–3–311, *Roberts,* 745 P.2d 1355, and *Safety Medical Services, Inc.,* 724 P.2d 468. The remaining question is whether the record contains substantial evidence supporting the ESC's conclusion that Appellants blocked BHCC's mine entrance.

Our examination of the hearing transcript reveals the existence of evidence which a reasonable mind would accept as adequate to support the conclusion that Appellants blocked the main entrance of BHCC's mine on November 11, 1987. Employees of BHCC identified Appellants as demonstrators who blocked the mine entrance for an "extended period of time." In addition, the sheriff and undersheriff testified at the hearing that they believed the demonstrators were attempting to block the main entrance to the mine and that the sheriff advised the leader of the convoy not to attempt entry. Thus, we hold that the ESC's decision disqualifying Appellants from benefit entitlement on the basis of their misconduct is supported by substantial evidence.

Affirmed.