CITY OF CASPER, Appellant (Petitioner),

v.

WYOMING DEPARTMENT OF EM-PLOYMENT, UNEMPLOYMENT IN-SURANCE DIVISION, Appellee (Re-spondent),

Daryl BOWEN, (Claimant–Party In Interest).

No. 92–173.

Supreme Court of Wyoming.

April 16, 1993.

Gayla Lou Daniels, Deputy City Atty., Casper, for appellant.

Joe Scott, Sr. Asst. Atty. Gen., Casper, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

CARDINE, Justice.

The City of Casper (City) seeks review of the decision of the Unemployment Insurance Commission (Commission), affirmed by the district court, awarding a former city employee unemployment benefits.

We affirm.

The City presents for our determination, the following four issues:

I. Whether the decision of the Unemployment Insurance Commission revers-ing the determination of the Chief Exam-iner based on the finding by the Commis-sion that "the evidence of what happened between the claimant and the two female coworkers is primarily, if not totally, hearsay" and therefore that "claimant's firsthand sworn testimony about what happened is more persuasive," is arbi-trary, capricious, an abuse of discretion or otherwise not in accordance with law.

II. Whether the decision of the District Court affirming the decision of the Un-employment Insurance Commission on the basis that the hearsay evidence pre-sented by the appellant does not meet

the standard of reliability and credibility necessary to constitute substantial evidence is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.

III. Whether the decision by the Unemployment Insurance Commission reversing the determination by the Examiner is supported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

IV. Whether the decision by the District Court affirming the decision of the Unemployment Insurance Commission on the basis of the lack of credibility of the hearsay evidence is supported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

The Commission states the issues as follows:

I. Whether the Decision of the Unemployment Insurance Commission is supported by substantial evidence, is arbitrary, unreasonable, or an abuse of discretion, and is in conformity with law?

II. Whether and to what extent the Commission is bound by the decision and findings of the Appeals Examiner?

## FACTS

Daryl Bowen was employed as a maintenance worker by the City from September 5, 1980, until July 17, 1991. During this time, Bowen was involved in several employment related problems. During the first five years of his employment, Bowen received only one written reprimand. However, from 1985 to 1987 Bowen received two suspensions without pay, 11 verbal warnings, two written reprimands, one incident of violence, and one termination proceeding was brought against him. The City ultimately transferred Bowen from cemetery maintenance to park maintenance.

Bowen's job performance improved in his new position. From 1988 to 1990, Bowen received two written reprimands. On his last yearly evaluation, Bowen was rated as standard or outstanding in all categories.

During the summer of 1991, however, Bowen was again the subject of controversy.

The City hired unskilled young people to supplement the city maintenance work force during the summer. In past years, Bowen was assigned both male and female workers to supervise with no apparent problems. In the summer of 1991, Bowen was assigned two female workers.

One day Bowen left the two summer workers to clean tennis courts in one of the City's parks while he left to do other work. When he came back about three hours later, the courts were not clean and little work seemed to have been done. The next morning he again dropped them off at the courts. He returned several hours later to find that they still were not clean. He again left the summer workers with instructions to clean the tennis courts.

The next day Bowen discovered that the courts still were not satisfactorily cleaned. Bowen decided to personally supervise the summer workers and help clean the courts. While doing this, one of the summer workers suggested that Bowen finish the cleaning while she and the other summer worker would go work on a tennis court elsewhere in the city. Bowen said "no" because a tennis tournament was scheduled for later that day. When the summer worker persisted, Bowen became angry and began loudly yelling at the young women. A citizen observed Bowen's yelling and complained to the City.

As a result of the complaint, the director of the Parks Department asked to meet with the girls in his office. During this meeting, the summer workers relayed to the director several incidents in which Bowen's behavior toward them appeared to violate the City's sexual harassment policy. They said that Bowen had made statements indicating he would like to see them in a "wet t-shirt contest," that Bowen had made several comments concerning the large size of one summer worker's bust, and finally, Bowen was accused of making unwanted lewd remarks, jokes and describing in detail an oral sex act which he had witnessed.

Bowen denied the statements. He indicated that others had made the wet t-shirt

and large bust remarks. Bowen claimed that he told just two lewd jokes and then only after he had obtained the summer worker's permission. Finally, Bowen denied telling the young women in detail that he had witnessed an oral sex act, although he did admit to having mentioned it.

As a result of the above and Bowen's history of problems, his employment with the City was terminated. Bowen applied to the Commission for benefits which, after an initial hearing, were denied upon the grounds that his termination was the result of misconduct. Bowen appealed this decision to the Commission's Chief Appeals Examiner. The decision was affirmed. Bowen next appealed to the Unemployment Insurance Commission. The Commission reversed the Examiner's decision and held that Bowen was qualified for benefits because he had not engaged in misconduct. The City appealed the Commission's decision awarding benefits to the district court, which affirmed the Commission's decision. The City now appeals to this Court.

## DISCUSSION

Appellant contends that the Commission's decision was arbitrary and capricious and not supported by substantial evidence as required by W.S. 16–3–114(c), which provides:

To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

■ The City claims that the record demonstrates with clarity that Bowen engaged in misconduct and that unemployment benefits may not be awarded when termination is due to misconduct under W.S. 27–3–311(c), which provides:

An individual shall be disqualified from benefit entitlement and shall forfeit all accrued benefits if he was discharged from his most recent work for misconduct connected with his work, fraud in connection with a claim for benefits or receipt of disqualifying income.

Thus, the City maintains there is not substantial evidence in this record to support the Commission's finding that Bowen did not engage in misconduct. To appropriately consider this claim by the City, we must determine what is meant by the terms "substantial evidence" and "misconduct."

■ When reviewing an agency decision, we have said that substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Such evidence may be less than the weight of the evidence but cannot be contrary to the overwhelming weight of the evidence." *Barker v. Employment Sec. Comm'n,* 791 P.2d 583, 585 (Wyo.1990) *quoting Big Piney Oil & Gas Co. v. Wyoming Oil and Gas Conservation Comm'n,* 715 P.2d 557, 561–62 (Wyo.1986).

We have defined misconduct as:

"Misconduct under the Wyoming Employment Security Law means generally an act of an employee which indicates a disregard of (1) the employer's interests or (2) the commonly accepted duties, obligations and responsibilities of an employee. This would include carelessness or

negligence of such degree or recurrence as to reveal willful intent or an intentional disregard of the employer's interests or of the employee's duties and obligation to his employer. Inefficiency or failure in good performance as the result of inability or incapacity; ordinary negligence in isolated instances or good faith errors in judgement or discretion are not deemed to be misconduct within the meaning of the Law."

*Barker*, 791 P.2d at 585–86 *quoting Safety Medical Serv., Inc. v. Employment Sec. Comm'n*, 724 P.2d 468, 472 (Wyo.1986).

It is clear from the articulated definitions of substantial evidence and misconduct that the Commission's decision was well within their authority. First, "a reasonable mind might accept as adequate" Bowen's version of the facts. The evidence against Bowen was almost entirely hearsay. The summer workers did not testify at the hearing. Instead, all of the testimony relating to sexual harassment and the shouting incident was from persons with no direct knowledge of what occurred. The testimony consisted generally of what they were told by the summer workers. Thus, in resolving the disputed questions of fact, it was reasonable for the Commission to accept Bowen's testimony over the hearsay related by his supervisors.

The Commission, then having accepted Bowen's testimony, could find such to be substantial evidence indicating that he did not engage in misconduct. Bowen's job performance in recent years was adequate. Bowen's explanations of the recent incidents which led to his termination can reasonably be characterized as "good faith errors in judgement" which "are not deemed to be misconduct." *Barker*, 791 P.2d at 586. Upon these findings, the Commission appropriately held that Bowen was qualified for benefits.

Appellant makes a final contention that the Commission should not have reversed the Examiner's decision. The Commission's authority to review the Examiner's decision is found in W.S. 27–3–404(b), which provides:

Upon review or appeal and based on evidence previously submitted or upon additional evidence it may direct be taken, *the commission* may affirm, modify or *reverse* the findings and conclusions of the appeal tribunal. [emphasis added]

 The clear language of W.S. 27–3–404(b) allows the Commission to look at the same evidence and come to a conclusion different than that of the Examiner. We have previously identified the Commission as the final agency adjudicating authority when we said:

The Commission's final decision is the decision to be reviewed by the district court under W.R.A.P. 12, not those decisions which were made at intermediate stages in the process.

*Wyoming Dep't of Employment, Div. of Unemployment Ins. v. Rissler & McMurry Co.*, 837 P.2d 686, 691 (Wyo.1992). The Commission could properly reverse the Examiner's decision, and we review only the decision of the Commission for substantial evidence.

The decision of the district court affirming the Commission's decision to award benefits is affirmed.