# IN THE SUPREME COURT, STATE OF WYOMING

# 2013 WY 12

### OCTOBER TERM, A.D. 2012

### January 31, 2013

ZACK D. KOCH,

Appellant
(Petitioner),

v.

DEPARTMENT OF EMPLOYMENT,
UNEMPLOYMENT INSURANCE
COMMISSION,

Appellee
(Respondent).

S-12-0123

*Appeal from the District Court of Albany County*
*The Honorable Jeffrey A. Donnell, Judge*

*Representing Appellant:*
    Bruce S. Asay, Associated Legal Group, LLC, Cheyenne, Wyoming.

*Representing Appellee:*
    Gregory A. Phillips, Wyoming Attorney General; John D. Rossetti, Deputy Attorney General; Michael J. Finn, Senior Assistant Attorney General; Brenda S. Yamaji, Assistant Attorney General.

*Before KITE, C.J., and GOLDEN,\* HILL, VOIGT, and BURKE, JJ.*

*\*Justice Golden retired effective September 30, 2012.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**VOIGT, Justice.**

[¶1]    The appellant, Zack D. Koch, was terminated from his employment with HIS-Garden Inn Laramie, Inc. (Hilton) on December 10, 2009.  The appellant applied for and was initially granted unemployment benefits.  Hilton appealed that determination and, after a telephonic hearing where testimony and evidence was received, a hearing examiner affirmed the initial decision and found that the appellant was entitled to unemployment benefits.  Hilton then appealed the hearing examiner's decision to the Unemployment Insurance Commission (Commission), which reversed the hearing examiner's decision and found that the appellant was not entitled to unemployment benefits.  The appellant appealed the Commission's decision to the district court, which affirmed the Commission's denial  of benefits.   The appellant now appeals the Commission's decision to this Court.  We affirm the Commission's decision.

## ISSUES

[¶2]    1.    As a matter of law, did the Commission act within its authority when it reviewed and reversed the hearing examiner's decision to grant the appellant unemployment benefits?

2.    Was the Commission's decision that the appellant engaged in misconduct and thereby not entitled to unemployment benefits supported by substantial evidence in the record?

## FACTS

[¶3]    The appellant was terminated from his employment with Hilton on December 10, 2009.   The appellant applied for and was granted unemployment benefits.  Hilton contested the grant of benefits, and a hearing examiner held a telephonic contested case hearing on April 27, 2010.  Hilton claimed that the appellant was not entitled to unemployment benefits because he was terminated for misconduct when he refused to shovel snow from the property.  The appellant asserted that he did shovel the snow and was fired in retaliation for filing a previous complaint against Hilton.  After receiving the evidence submitted by each party, including witness testimony, the hearing examiner concluded that the appellant had not engaged in misconduct and, therefore, was entitled to receive unemployment benefits.

[¶4]    Hilton then appealed the hearing examiner's decision to the Commission.   In its notice to the parties regarding when the Commission would meet regarding Hilton's appeal, the Commission informed the parties that it "does not accept new evidence, testimony or witnesses.  Pursuant to Wyo. Stat. Ann. § 27-3-400(b), the Commission may affirm, modify or reverse the findings and conclusions of the hearing officer **based upon evidence presented before the hearing officer at your previous hearing**." (Emphasis

1

in original.) On June 22, 2010, the Commission found that the appellant had engaged in misconduct when he did not shovel the snow and reversed the hearing examiner's determination that he was entitled to unemployment benefits. The appellant appealed the Commission's decision to the district court, which reversed and remanded the decision because the Commission failed to notify the appellant's attorney of the Commission's meeting.

[¶5]    On August 23, 2011, the Commission held another meeting, which was attended by the appellant and his attorney. In its order, the Commission stated that it did not consider any additional evidence at the meeting and, instead, relied upon the evidence presented before the hearing examiner and listened to the tape recording of the contested case hearing. After reviewing the evidence, the Commission determined that the appellant did not remove snow as he was supposed to on December 9, 2009, and that on December 10, 2009, he told his supervisors at Hilton that he did not remove the snow. The Commission found that the appellant's behavior constituted misconduct and he was, therefore, disqualified from receiving unemployment benefits.

[¶6]    The appellant again appealed the Commission's decision to the district court. The district court found that, despite the appellant's claims to the contrary, the Commission used the proper procedure when reviewing the hearing examiner's decisions, that the Commission's decision was supported by substantial evidence, and that the Commission's decision was not arbitrary and capricious, not an abuse of discretion, and was otherwise in accordance with the law. Thus, the district court affirmed the decision of the Commission. The appellant has now appealed the Commission's decision to this Court.

## DISCUSSION

***As a matter of law, did the Commission act within
its authority when it reviewed and reversed
the hearing examiner's decision to grant the
appellant unemployment benefits?***

[¶7]    The appellant devotes most of his brief to the proposition that the Commission did not review the hearing examiner's decision to grant unemployment benefits using an appellate standard of review, similar to what the district court and this Court employs when reviewing an agency decision. He argues that the Commission's second review of the evidence presented at the contested case hearing goes beyond the Commission's authority and violates the Wyoming Administrative Procedure Act (WAPA). The appellant asserts that the Commission's decision was arbitrary, capricious, and an abuse of discretion.

2

[¶8]    The standard of review we use when reviewing an agency decision is found at Wyo. Stat. Ann. § 16-3-114 (LexisNexis 2011).  That statute states that

> [t]he reviewing court shall:
>
> . . . .
>
> (ii)  Hold unlawful and set aside agency action, findings and conclusions found to be:
>
> (A)  Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
>
> (B)  Contrary to constitutional right, power, privilege or immunity;
>
> (C)  In excess of statutory jurisdiction, authority or limitations or lacking statutory right;
>
> (D)  Without observance of procedure required by law; or
>
> (E)  Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

Wyo. Stat. Ann. § 16-3-114(c).  The appellant argues that the Commission acted in a manner which was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law when it reversed the hearing examiner's decision.  However, the appellant's argument is premised upon the notion that the Commission acted outside its authority when it re-evaluated the evidence presented at the contested case hearing and came to a conclusion different than the one reached by the hearing examiner.  Thus, we are not determining whether the Commission acted in a manner that was arbitrary, capricious, or an abuse of discretion but, instead, we are determining whether it acted within its statutory authority and in observance of the procedure required by law.  These are questions of law we review ***de novo***.  *Dale v. S & S Builders, LLC*, 2008 WY 84, ¶ 26, 188 P.3d 554, 561-62 (Wyo. 2008).

[¶9]    The statutes that govern the procedure used to request unemployment benefits are found at Wyo. Stat. Ann. §§ 27-3-401 through 409 (LexisNexis 2011).  A deputy designated by the department makes the initial determination of whether to award benefits, and that determination may be appealed to an appeal tribunal.  Wyo. Stat. Ann. § 27-3-402(a) and (e) (LexisNexis 2011).  The Commission appoints the appeal tribunal,

3

which can, after a hearing, affirm, modify, or reverse the deputy's determination regarding benefits. Wyo. Stat. Ann. § 27-3-403 (LexisNexis 2011). The appeal tribunal's decision may then be reviewed by the Commission. Wyo. Stat. Ann. § 27-3-404(a) (LexisNexis 2011). The Commission may review the evidence submitted before the appeal tribunal or may direct that additional evidence be taken. Wyo. Stat. Ann. § 27-3-404(b) (LexisNexis 2011). Based upon the evidence, the Commission may affirm, modify, or reverse the findings and conclusions of the appeal tribunal. *Id*.

[¶10] Here, the appellant filed an application for benefits, which was granted by the deputy. That decision was then appealed to the appeal tribunal, where the hearing examiner held a contested case hearing and affirmed the deputy's decision. Hilton then sought review with the Commission, which, as it was authorized to do so by Wyo. Stat. Ann. § 27-3-404(b), chose to make a decision based upon the evidence submitted in the appeal tribunal. From that evidence, the Commission reversed the hearing examiner's decision--also authorized by Wyo. Stat. Ann. § 27-3-404(b). Thus, the record shows that this action proceeded through the agency review process as authorized by the statutes.

[¶11] The appellant argues that the Commission did not utilize the proper type of review when considering the hearing examiner's decision. Without citing any authority for the proposition, the appellant asserts that, because the Commission is an appellate body, it should have limited its review to whether the hearing examiner's decision was supported by substantial evidence. He then goes on to state that the district court should have also limited its review to whether the hearing examiner's decision, and not the Commission's decision, was supported by substantial evidence. Neither of these arguments is supported by the law.

[¶12] Nothing in the unemployment statutes limits the Commission's review of the hearing examiner's decision to the question of substantial evidence. In fact, Wyo. Stat. Ann. § 27-3-404(b) specifically states the type of review permitted by the Commission. The Commission may limit its review to the evidence presented in the appeal tribunal or it may request additional evidence be presented. *Id*. After its review of the evidence, the Commission "may affirm, modify or reverse the findings and conclusions of the appeal tribunal." *Id*. The unambiguous language of this statute "allows the Commission to look at the same evidence and come to a conclusion different than that of the [hearing examiner]." *City of Casper v. Wyo. Dep't of Emp't, Unemp't Ins. Div*., 851 P.2d 1, 4 (Wyo. 1993). Additionally, the WAPA does not require that the Commission use an appellate type review (i.e. reviewing for substantial evidence to support the decision) when reviewing the hearing examiner's decision. The only statute within the WAPA that deals with an appellate standard of review is found at Wyo. Stat. Ann. § 16-3-114(c), and that establishes the standard of review used by the district courts and this Court when reviewing an agency's action. Here, the Commission reviewed the evidence and rendered a decision in accordance with its authority in Wyo. Stat. Ann. § 27-3-404(b).

4

[¶13] The appellant makes a passing argument that the Commission erroneously considered the tape recording of the contested case hearing in the appeal tribunal because the tape recording was not part of the transmitted record. However, he also argues that there is no evidence that the Commission actually listened to the tape recording. We find this argument wholly without merit. First, the Commission in not limited to evidence in the transmitted record. Instead, Wyo. Stat. Ann. § 27-3-404(b) allows the Commission to consider "evidence previously submitted" in the appeal tribunal. There is no better recitation of the "evidence previously submitted" than a recording of the evidence as it was presented in the appeal tribunal. Further, the Commission stated in its decision letter that it did listen to the tape recording. It is true that the Commission's meeting was not recorded, but that does not mean we necessarily should call into question whether the Commission actually did what it indicated it did.[1] There is no evidence in the record before this Court to suggest that the Commission did not listen to the recording.[2]

[¶14] The appellant's argument that the district court erroneously reviewed the Commission's decision on appeal instead of the hearing examiner's decision equally is contrary to established law. Rule 12 of the Wyoming Rules of Appellate Procedure governs the extent of judicial review of agency action, and Rule 12.01 states:

> To the extent judicial review of administrative action by a district court is available, any person aggrieved or adversely affected in fact by a final decision of an agency in a contested case, or who is aggrieved or adversely affected in fact by any other agency action or inaction, or who is

---

[1] Chapter 32, Section 2 of the Department of Workforce Services, Unemployment Agency rules states: "Commission hearings shall be recorded on tape or other appropriate means at the request of the claimant or employer or when the commission deems appropriate. Otherwise, they do not have to be recorded." Wyo. Rules & Regulations, Department of Workforce Services, Unemployment Insurance, ch. 32 § 2 (2007). In its decision letter, the Commission indicated that neither party requested that the Commission's hearing be recorded.

[2] We find it worthwhile to note that, although the appellant takes issue with the fact that the tape recording of the contested case hearing was not contained in the agency's transmitted record, neither the appellant nor the agency designated the tape recording as part of the record on appeal before this Court. Instead, this Court has been provided a transcript of the hearing that was apparently transcribed by one of the appellant's attorney's employees. The record on appeal is silent as to how this transcript became part of the record. It appears the district court relied upon the transcript in reaching its decision in this case, and neither of the parties raised an objection to its use of the transcript. Additionally, both parties designated the transcript as part of the record on appeal to this Court, and neither party has claimed that the transcript inaccurately reflects the contested case proceedings. While we would prefer to have the actual tape recording of the contested case hearing to consider on appeal--as that is what the Commission considered in rendering its decision--we will consider the transcript as an accurate reflection of the tape recording.

adversely affected in fact by a rule adopted by that agency, may obtain such review as provided in this rule.

W.R.A.P. 12.01.

[¶15] With respect to unemployment benefits, we have long held that "[t]he Commission's final decision is the decision to be reviewed by the district court under W.R.A.P. 12, not those decisions which were made at intermediate stages in the process." *Wyo. Dep't of Emp't, Div. of Unemp't Ins. v. Rissler & McMurry Co.*, 837 P.2d 686, 691 (Wyo. 1992). Thus, the district court was not at liberty to review the decision made by the hearing examiner, but analyzed the precise issue that it had the authority to consider-- whether the Commission's decision to deny the appellant benefits was supported by substantial evidence.

[¶16] The appellant's request for unemployment benefits proceeded through the review process in the agency as mandated by the applicable unemployment insurance statutes and in accordance with the WAPA. The Commission properly considered the evidence at the contested case hearing and rendered a decision as authorized by Wyo. Stat. Ann. § 27-3-404.

### *Was the Commission's decision that the appellant engaged in misconduct and thereby not entitled to unemployment benefits supported by substantial evidence in the record?*

[¶17] The appellant claims that the Commission's decision to deny him unemployment benefits was erroneous because the hearing examiner's decision that the appellant did not engage in misconduct was supported by substantial evidence. The appellant then highlights the portions of the record that support the hearing examiner's decision. However, this Court's appellate review is the same as that of the district court, which means this Court's review is limited to the "final decision of an agency." Wyo. Stat. Ann. § 16-3-114(a); W.R.A.P. 12.01. As stated above, "[t]he Commission's final decision is the decision to be reviewed by the [appellate] court under W.R.A.P. 12, not those decisions which were made at intermediate stages in the process." *Rissler & McMurry Co.*, 837 P.2d at 691; *see also Weidner v. Life Care Ctrs. of Am.*, 893 P.2d 706, 709 (Wyo. 1995) ("We review only the decision of the Commission for substantial evidence."). Further, we give no deference to the district court's decision and, instead, review the case "as if it had come directly to us from the administrative agency." *Dale*, 2008 WY 84, ¶ 8, 188 P.3d at 557 (quoting *Newman v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2002 WY 91, ¶ 7, 49 P.3d 163, 166 (Wyo. 2002)).

[¶18] For that reason, this Court will not review whether there is substantial evidence in the record to support the hearing examiner's decision that the appellant was not terminated for misconduct. Instead, we will review whether there is substantial evidence

6

in the record to support the Commission's determination that he was terminated for engaging in misconduct. Wyo. Stat. Ann. § 16-3-114(c)(ii)(E). We use the following procedure when determining whether substantial evidence exists to support the Commission's decision:

> When the burdened party prevailed before the agency, we will determine if substantial evidence exists to support the finding for that party by considering whether there is relevant evidence in the entire record which a reasonable mind might accept in support of the agency's conclusions. If the [Commission] determines that the burdened party failed to meet his burden of proof, we will decide whether there is substantial evidence to support the agency's decision to reject the evidence offered by the burdened party by considering whether that conclusion was contrary to the overwhelming weight of the evidence in the record as a whole.

*Dale*, 2008 WY 84, ¶ 22, 188 P.3d at 561. "Importantly, our review of any particular decision turns not on whether we agree with the outcome, but on whether the agency could reasonably conclude as it did[] based on all the evidence before it." *Id*.

[¶19] Here, the Commission found that Hilton, the burdened party in this case, proved that the appellant was terminated from his employment because he engaged in misconduct. *See Rissler & McMurry Co.*, 837 P.2d at 690 ("When an employer contends that violation of its rule constitutes misconduct, the employer bears the burden of establishing the existence of the rule and its violation. If the employer establishes these elements, the burden shifts to the employee to demonstrate either that the violation was justified or that the rule was unreasonable."). Thus, this Court must review the entire record and consider whether there is relevant evidence which a reasonable mind might accept in support of the Commission's decision.

[¶20] In its decision, the Commission made the following relevant findings of fact:

> . . . .
>
> D. The claimant was expected to perform snow removal as one of his job duties.
>
> E. The claimant knew that one of his job duties was snow removal.
>
> . . . .

7

L. When the claimant began his shift on December 10, 2009, he met with the employer's human resource manager, chief engineer and general manger.

M. During the December 10, 2009, meeting, the claimant told the employer that he had not removed snow during his shift the night before.

. . . .

O. On December 10, 2009, the chief engineer and the employer's general manager discharged the claimant from his employment because the claimant did not remove snow on December 9, 2009.

P. During the claimant's working hours on December 9, 2009, he did not remove snow from the front and side exits, or from the front door of the conference center.

Q. The testimony of the employer's witnesses is more credible than the testimony of the claimant for the following reasons:

   a. The claimant provided inconsistent testimony and evidence with regard to when and where he claimed to have removed snow;

   b. The claimant took pictures purportedly to protect himself from the employer's harassment to show that the daytime employees had not shoveled snow, but produced no pictures to show that he had shoveled snow; and

   c. The evidence and testimony of the employer's witnesses were more consistent with one another, the facts and circumstances presented, and the reasons given for claimant's termination.

We find that there is substantial evidence in the record to support the Commission's findings.

[¶21] At the hearing, the chief engineer testified that shoveling snow was "an outstanding expectation of the engineering position. All engineers are expected to be out

8

there shoveling anytime it snows." The appellant testified that he understood that one of his job duties was to remove the snow from the walkways. The chief engineer and the general manager of Hilton both testified that on December 10, 2009, during a meeting with the appellant, the appellant told them that he did not shovel the snow the previous day. The general manager said that the appellant stated he did not shovel the snow because he believed that none of the engineers working earlier in the day shoveled the snow. This testimony establishes that shoveling the snow was part of the appellant's job duties, he knew that he was supposed to shovel the snow, and that he admitted that he did not shovel the snow the day before he was terminated.

[¶22] The appellant, of course, claims that he did shovel the snow, and that his testimony established that fact. However, his testimony was directly contrary to the testimony of the chief engineer and general manager of Hilton, requiring a determination of whose testimony was most credible. The agency--in this case the Commission--"is charged with determining the credibility of the witnesses." *Weidner*, 893 P.2d at 710.

[¶23] Here, the Commission found that Hilton's witnesses were more credible than the appellant because the appellant provided inconsistent testimony, took photos of not shoveled snow purportedly to protect himself from harassment instead of providing evidence that he did shovel the snow, and that the Hilton's witnesses' testimony was consistent with one another. These findings of fact are supported by the record. The appellant testified about whether he completed other required tasks, which included testimony about "backdating" his "to-do" sheets. While this testimony could be interpreted simply as a clerical error of sorts, it also has a tendency to make the appellant appear inconsistent and less than forthcoming when it comes to explaining if and when he completed assigned tasks. When this is compared to the consistent testimony of the chief engineer and the general manager--that the appellant stated he did not shovel the snow from the walkways--it is clear that there was substantial evidence in the record to support the Commission's findings on the credibility of the witnesses.

[¶24] We admit that there was not an overwhelming amount of evidence presented by either party; instead, this was a case that hinged upon witness credibility. If Hilton's employees were more credible, the evidence clearly supported a finding that the appellant engaged in misconduct when he did not shovel the snow. However, if the appellant's testimony was more credible, the Commission could have found that he did shovel snow and did not engage in misconduct. As mentioned above, our task is not to determine whether we agree with the outcome of the case. *Dale*, 2008 WY 84, ¶ 22, 188 P.3d at 561. Our review is limited to whether, based upon all of the evidence presented before it, the agency could reasonably conclude as it did. *Id*. We conclude that the Commission's decision that the appellant engaged in misconduct by not shoveling snow is a reasonable decision based upon the evidence that was before it.

9

## CONCLUSION

[¶25] The appellant's claim for unemployment benefits was considered properly by the appeal tribunal and the Commission in accordance with the statutory requirements. Further, the district court conducted the proper review of the agency decision by reviewing the decision of the Commission and not of the hearing examiner in the appeal tribunal. Finally, the Commission's determination that the appellant was terminated for engaging in misconduct is supported by substantial evidence in the record. Affirmed.